IN THE UNTED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DLJ MORTGAGE CAPITAL, INC.,

    Plaintiff,

    v.

THE ESTATE OF RAFAEL CABELLO-COLON CONSTITUTED BY A.C.C.M AND RUBI MARIE CABELLO-COLON AS KNOWN HEIRS OF THE ESTATE,

    Defendants.

CIVIL NO. 16-3149 (PAD)

**OPINION AND ORDER**

Delgado-Hernández, District Judge.

This is a foreclosure action brought by DLJ Mortgage Capital, Inc. ("DLJ") against Rafael Cabello-Colón. Before the court is DLJ Mortgage Capital, Inc.'s "Motion for Summary Judgment as to A.C.C.M." (Docket No. 72). For the reasons explained below, the motion is GRANTED.

**I.    STANDARD OF REVIEW**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment bears the initial responsibility of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A factual dispute is "genuine" if it could be resolved in favor of either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). It is "material" if it potentially affects the outcome of the case in light of applicable law. Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004).

As to issues on which the nonmovant has the burden of proof, the movant need do no more than aver absence of evidence to support the nonmoving party's case. Celotex Corp., 477 U.S. at 325; Mottolo v. Fireman's Fund Insurance, 43 F.3d 723, 725 (1st Cir. 1995). All reasonable factual inferences must be drawn in favor of the party against whom summary judgment is sought. Shafmaster v. United States, 707 F.3d. 130, 135 (1st Cir. 2013). Careful record review reflects absence of genuine dispute as to the facts identified in the section that follows.

## II.     STATEMENT OF FACTS

DLJ is a corporation with principal in New York, NY. Docket No. 1 ¶ 1. Defendant is a resident of the Commonwealth of Puerto Rico. Docket No. 1 ¶ 4. On December 18, 2007, he signed a mortgage note payable to Doral Mortgage Corporation, for $168,000.00 with interest at 8.25% per annum in monthly installments until the debt is paid in full. See, Docket No. 72, Exh. I. On the same date, he executed mortgage Deed No. 392 to secure the repayment of (a) the indebtedness evidenced by the note, (b) an amount of 10% of the original principal amount of the note to cover costs, expenses and attorney's fees in the event of foreclosure or judicial collection, or collection in any proceeding in bankruptcy of the borrowers, (c) an amount of 10% of the original principal amount of the note to cover any advances made under the mortgage deed, and (d) an amount of 10% of the original principal amount of the note to cover interests in addition to those secured by law (Docket No. 72, Exh. II). The mortgage encumbers a property located in Carolina, P.R., which is described in the Registry of Property in the Spanish language as follows:

> URBANA: Solar marcado con el número 1 del bloque GG de la Urbanización Los Colobos Park, ubicado en el Barrio Canovanillas del término municipal de Carolina, Puerto Rico, con un área superficial de 389.53 metros cuadrados. En lindes por el NORTE, con futuro desarrollo, en distancia de 13.569 metros; por el SUR, con la Calle Número 102, en una distancia de 11.254 metros y un

> arco de 2.90 metros; por el ESTE, con el solar número 2 del bloque GG, en una distancia de 28.00 metros y por el OESTE, con la Calle Número 101, en una distancia de 16.073 metros y 8.168 metros y un arco de 2.90 metros. En este solar enclava una casa de concreto y bloques para vivienda. TRACTO: Se segrega de la finca número 48901, inscrita al folio 94 del tomo 1441 de Carolina.
>
> The property is identified with the number 59892 and is recorded at page number 94 of volume number 1469 of Carolina, in the Registry of Property of Carolina, Second Section.
>
> The mortgage is recorded at page number 94 of volume number 1469 of Carolina, third entry in the Registry of Property of Carolina, Second Section.

The mortgage was modified pursuant to Deed of Modification number 619 on August 25, 2012, with a new principal sum of $247,750.49, and maturity date September 1, 2052. Beginning on October 1, 2012 interest rate of 6.000%. (Docket No. 72, Exh. III and V). The minimum bid was set at $247,750.49. Id. The modification mortgage deed is recorded at page 72 of volume 1499 of the Registry of Property of Carolina, P.R. (Docket No. 72, Exh. III).

Defendant did not comply with terms and conditions of the loan and is in default from March 1, 2015. As of March 1, 2015, he owes DLJ $243,878.40 in principal, plus accrued interest at the annual interest rate of 6.000% per annum (Docket No. 72, Exh. IV). Interest accrues until the debt is paid in full. Additionally, Defendant owes late charges in the amount of 5.00% of any and all monthly payments not received by the note holder within 15 days after the installment was due; advances made under the mortgage note, as well as 10.00% of the original principal amount ($24,775.04) to cover costs, expenses, and attorney's fees. Id.

### III.   DISCUSSION

Under Puerto Rico law, which applies here, "obligations arising from contracts have legal force between the contracting parties and must be fulfilled in accordance with their stipulations."

DLJ Mortgage Capital, Inc. v. The Estate of Rafael Cabello-Colón
Civil No. 16-3149 (PAD)
Opinion and Order
Page 4

P.R. Laws Ann. tit. 31, § 2994.  A mortgage is a "guarantee of a debt, which in turn is secured by a particular property." Bautista Cayman Asset Company v. Vilariño-Rodriguez, 2018 WL 6422731, at *3 (D.P.R. Dec. 5, 2018).  "A mortgage creditor may seek foreclosure if the debtor defaults on the payment of any principal or interest due." CitiMortgage, Inc. v. Rivera-Anabitate, 39 F.Supp.3d 152, 154 (D.P.R. 2014).

Defendant failed to fulfill his payment obligation under the mortgage note.  The note permits lender, upon Defendant's default, to require immediate payment of the full amount of principal not paid, as well as all the interest owed on that amount.  Further, the note entitles DLJ, as the note holder, to collect its costs and expenses to enforce the note, fixed at 10% of the original principal amount.  Thus, there is no genuine issue of material fact as to the obligation, default, and amount owed.

## IV.    CONCLUSION

In light of the foregoing, the motion for summary judgment is GRANTED.  Accordingly, Defendant is ordered to pay DLJ the outstanding principal balance of $243,878.40 plus interest at a rate of 6.000% per annum.  The interest continues to accrue until the debt is paid in full. Defendant is further ordered to pay DLJ accrued late charges and any other advance, charge, fee or disbursements made by DLJ on behalf of Defendant, in accordance with the mortgage deeds, plus costs, charges and disbursements, expenses and attorney's fees.  Further:

1. In default of the payment of the sums herein before specified or of any part thereof, within fourteen (14) days from the date of entry of judgment, the mortgaged property described above shall be sold at public auction to the highest bidder, without an appraisal or right of redemption for the payment of Plaintiffs' mortgage within the limits secured thereby.

2. Upon Plaintiff's compliance with Fed. R. Civ. P. 53, the court may appoint a Special Master to conduct the sale, but the Special Master shall not proceed to carry out the sale, or do anything in connection with it, until further order by the court and under the form and conditions to be directed by the court.

3. The sale shall be subject to the confirmation of the court, and the purchaser or purchasers shall be entitled to receive possession. The minimum bid to be accepted at the first public sale in accordance with the mortgage deed modification is $247,750.49.

4. Any funds derived from the sale to be made in accordance with the terms of the judgment and any order(s) of the court shall be applied as follows:

   a. To the payment of all proper expenses attendant upon said sale, including the expenses, outlays and compensation of the Special Master, after the compensation and expenses shall have been fixed and approved by the court, all those expenses to be deducted from the sum provided in the deed of mortgage for costs, charges and disbursements, expenses, and attorney's fees.

   b. To the payment of all expenses or advances made by Plaintiff.

   c. To the payment to Plaintiff of the amounts due by Defendant as of February 1, 2015, plus interest which continues to accrue until full payment of the debt at the rate of 6.000%; accrued late charges and any other advance, charge, fee or disbursements made by Plaintiff on behalf of Defendant, in accordance with the mortgage deed, plus costs, and 10% of the mortgage note principal balance in costs, expenses, and attorney's fees.

   d. If after making all the above payments there shall be a surplus, the surplus shall be delivered to the Clerk of this Court, subject to further orders of the court.

   e. If after making all those payments there is a deficiency, Plaintiff may seek orders from the court to collect the deficiency from Defendant.

Plaintiff may apply to the court for such orders, as it may deem advisable to its interests to satisfy its money judgment, in accordance with its terms.

**SO ORDERED.**

In San Juan, Puerto Rico, this 12th day of April, 2022.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge
